UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. 1:25-CR-0072 |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | Judge Cole |
| MARTIN BAYHAN, | : | |
| *Defendant*. | : | |

**United States' Sentencing Memorandum**

**I.     Procedural Background**

agreement.  The agreement leaves the sentence entirely to the discretion of the Court.  As calculated in the presentence report (PSR), the defendant's criminal history category is I and his offense level is 33.[1]  This results in an advisory sentencing guideline recommendation of the statutory maximum 120 months.

**II.    Sentencing Factors**

The United States Sentencing Guidelines are advisory, but they remain "the starting point

---

[1] Arguably, the 5 level enhancement for a pattern of activity involving the sexual abuse or exploitation of a minor pursuant to U.S.S.G. § 2G2.2(b)(5) should be applied.  For the enhancement to apply, Bayhan must have "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5). The commentary to U.S.S.G. § 2G2.2(b)(5) clarifies that a pattern of activity involving the sexual abuse or exploitation of a minor means "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." *Id*. § 2G2.2(b)(5) cmt. n.1. Additionally, " '[s]exual abuse or exploitation' means any of the following: (A) conduct described in 18 U.S.C. § 2241, § 2242, § 2243, § 2251(a)-(c), § 2251(d)(1)(B), § 2251A, § 2260(b), § 2421, § 2422, or § 2423; (B) an offense under state law, that would have been an offense under such section if the offense had occurred within special maritime or territorial jurisdiction of the United States."  Hence, a court may properly rely on both state convictions and unconvicted conduct in applying the pattern-of-activity enhancement. *United States v. Nichols*, 802 F. App'x 172, 178 (6th Cir. 2020)  Here, while Bayhan was able to plead the state cases down to misdemeanors, he was originally indicted for each minor victim with the Pennsylvania offenses of Involuntary Deviate Sexual Intercourse and Sexual Assault which are equivalent offenses of Aggravated Sexual Abuse and Sexual Abuse under 18 U.S.C. § 2241 & 2242. However, the United States is not seeking application of the enhancement in this case as it does not affect Bayhan's guidelines as he is statutorily limited to a sentence of 10 years which is already encompassed by his current guideline range.

and the initial benchmark" in sentencing. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The Guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. § 3553(a). *Id*. at 49-50. Substantive reasonableness requires the sentence imposed by the district court to be reasonable based upon the totality of the circumstances. *Id* at 51. The factors to be considered under 18 U.S.C. § 3553(a) include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to deter the defendant and others, and the need to protect the public from the defendant's crimes.

### A. Offense Conduct & Characteristics of the Defendant

Bayhan is sexually attracted to children. In 1999, while working as a teacher at a catholic school, Bayhan molested two teen boys from the school. (See Attached) His crimes were pled down to misdemeanors and he received a sentence of probation. Twenty years later in 2019, Kik flagged his account for uploading child sexual abuse material. Likewise, in 2020 SnapChat flagged his account for sharing child sexual abuse material. In 2024 he was participating in Telegram chat group where child sexual abuse material was shared. A search warrant conducted on his residence in October of 2024 and revealed child sexual abuse material on his phone and a thumb drive. Review of those devices showed Bayhan had been trading the material with others on the various social media applications. In total, investigators located 36 videos and 300 images of child pornography. However, even this likely understates the amount of child pornography Bayhan consumed as all the aforementioned social media applications have features that readily delete shared content after it's been viewed by the user.

Bayhan's current offense demonstrates a continuing pattern of inappropriate sexual conduct involving children spanning 25 years. While many child pornography cases result in a

downward variance, his is not such a case as "[t]he high rate of variances from the Guidelines can be explained by the belief that tough sentences in these cases are punishing a defendant for something he or she has not yet done—and may never do—actual contact with children." *United States v. Marshall*, 870 F. Supp. 2d 489, 491 (N.D. Ohio 2012), aff'd, 736 F.3d 492 (6th Cir. 2013). Here, Bayhan has done just that – actual sexual contact with children. This key characteristic difference should be reflected by the sentence imposed.

### B. Seriousness of Offense

"Child pornography is an abhorrent offense that scars the children affected forever. And it doesn't take an economist to know that demand drives supply." *United States v. Schrank*, 975 F.3d 534, 536 (6th Cir. 2020). "By repeatedly [viewing] images of young children being raped, [Bayhan] contributed to their past victimization. And by fueling the demand for child pornography, his conduct likely also contributed to the future harm done to children in the name of profit. His ultimate sentence must reflect the severity of his depraved criminal conduct." *Id* (internal citations removed).

Given how serious this offense is, the Sixth Circuit has "repeatedly held that sentences are substantively unreasonable in child pornography cases when they require little or no jail time." *United States v. Schrank,* 975 F.3d 534, 536 (6th Cir. 2020) citing *United States v. Demma*, 948 F.3d 722, 732 (6th Cir. 2020); *United States v. Bistline*, 720 F.3d 631, 634 (6th Cir. 2013); *United States v. Robinson*, 669 F.3d 767, 777 (6th Cir. 2012); *United States v. Camiscione*, 591 F.3d 823, 833 (6th Cir. 2010).

### C. Deterrence

As the Sixth Circuit has explained, "general deterrence in the child-pornography context is not a 'myth'." *United States v. Demma*, 948 F.3d 722, 732 (6th Cir. 2020). Hence, the Sixth

Circuit has "told sentencing courts *repeatedly*, 'general deterrence is crucial in the child pornography context' to protect the public by deterring the market for such products and activities." *United States v. Schrank*, No. 17-6093, 2019 WL 1716009, at *2 (6th Cir. Apr. 16, 2019) (emphasis in original), *citing United States v. Robinson*, 778 F.3d 515, 520-21 (6th Cir. 2015) (editorial mark omitted); *see also United States v. Bistline*, 720 F.3d 631, 632 (6th Cir. 2013); *United States v. Christman*, 607 F.3d 1110, 1121 (6th Cir. 2010); *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010). This is especially true concerning Bayhan's conduct – a crime anyone with a cellphone can commit.

Moreover, there is clearly a need for specific deterrence as Bayhan committed this offense after being convicted of molesting two teen boys while working as a teacher. In other words, Bayhan has been reluctant to address his sexual attraction to children and he not been easily deterred from committing such a repulsive crime. This demonstrates his unwillingness to change course when confronted and underscores the need for a significant sentence to promote both general and specific deterrence.

   D. Restitution

To date, the United States has received 2 requests for restitution from the victims in Bayhan's collection. These requests were all previously provided to defense counsel and probation.[2] The victims "Kauzie" and "Jack" have each requested $5,000.

III.   Sentencing Recommendation

Bayhan merits little leniency from this Court as the seriousness and persistence of his unlawful conduct demand a meaningful custodial sentence. After being convicted in 1999 of Corruption of Minors, Bayhan lost his career as a teacher and nearly his freedom but not his

---

[2] The United States will submit a copy of the requests to chambers.

sexual interest in minors. Thus, 20-years later Bayhan was viewing and distributing child sexual abuse material. This demonstrates both a disregard for the law and a heightened risk of recidivism. A 96-month term of imprisonment appropriately balances the need for deterrence, punishment, and rehabilitation, while allowing Bayhan access to the Bureau of Prisons' Non-Residential Sex Offender Treatment Program. The United States further requests that the Court impose restitution to the identified victims "Jack" and "Kauzie", a $100 special assessment, and the $5,000 Justice for Victims of Trafficking Act assessment, but finds no fine or additional AVAA assessment necessary given Bayhan's financial circumstances and pending restitution obligations. Finally, a supervised release term of life is appropriate to protect the community and ensure continued accountability.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

s/ *Kyle J. Healey*
Kyle J. Healey (0083794)
Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
E-mail: kyle.healey@usdoj.gov

Certificate of Service

I certify that I filed the foregoing with the Court's CM/ECF system this 23rd day of January, 2026.

s/ *Kyle J. Healey*
Kyle J. Healey
Assistant United States Attorney